**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**NAGWANG DORJEE,**

                **Petitioner,**

                **9:08-CV-131**
    v.                **(GLS/RFT)**

**ALBERTO GONZALEZ; DAVA**
**FAVO; and MAJOR SMITH,**

                **Respondents.**

---

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PETITIONER:**

NAGWANG DORJEE
Last Known Address
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901

**Gary L. Sharpe**
**United States District Judge**

## DECISION AND ORDER

    The court cannot locate *pro se* petitioner, Nagwang Dorjee.

Accordingly, it considers *sua sponte* Dorjee's noncompliance with this

District's Local Rules by failing to notify the court of his current address

and by not prosecuting his action.

On February 4, 2008, Nagwang Dorjee filed a *habeas corpus* petition. *See Dkt. No. 1.* On May 21, 2008, an order was issued directing the petitioner to complete the attached affidavit pursuant to Rule 11 and return it to the court Clerk within thirty (30) days from the filing date of the order. *See Dkt. No.* 3. Dorjee's copy of the order was sent to his last known addressed, but was returned to sender - marked no longer incarcerated at this facility. *See Dkt. No.* 4. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the

dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court.  *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On June 12, 2008, the court issued an order directing Dorjee to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order.  *See Dkt. No. 5.*  The court warned Dorjee that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b).  However, Dorjee's copy of the order was mailed to his last known addresses, but returned as Returned to Sender - marked no longer incarcerated at this facility.  *See Dkt. No. 6.*

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes.  *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler,

then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Dorjee's failure to provide this court with a change of address warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. According, it is hereby

**ORDERED** that Dorjee's petition is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's June 12 order, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the address listed in the caption; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.


**SO ORDERED.**

**Dated:    August 6, 2008**
**            Albany, New York**

*[signature]*
Gary L. Sharpe
U.S. District Judge